IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANDRE D. JOHNSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 09-104-SLR |
| ) | |
| PERRY PHELPS, Warden, and ) | |
| and JOSEPH R. BIDEN, III, ) | |
| Attorney General of the State ) | |
| of Delaware, ) | |
| ) | |
| Respondents. ) | |

Andre Johnson. Pro se petitioner.

Elizabeth R. McFarlan, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for respondents.

**MEMORANDUM OPINION**

June 11, 2010
Wilmington, Delaware

**ROBINSON, District Judge**

## I. INTRODUCTION

Currently before the court is Andre D. Johnson's ("petitioner") application for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. (D.I. 2) For the reasons that follow, the court will dismiss petitioner's § 2254 application as time-barred by the one-year period of limitations prescribed in 28 U.S.C. § 2244(d)(1).

## II. FACTUAL AND PROCEDURAL BACKGROUND

In July 1992, petitioner was indicted on two counts of second degree burglary, two counts of second degree conspiracy, two counts of felony theft, theft of a firearm, carrying a concealed deadly weapon, possession of a deadly weapon by a person prohibited, resisting arrest, and disobeying a traffic device. The possession of a deadly weapon by a person prohibited charge was severed prior to trial. A Delaware Superior Court jury convicted petitioner on the remaining charges in May 1994. The Superior Court sentenced petitioner as an habitual offender to life imprisonment on one count of second degree burglary, and a total of nineteen additional years of incarceration for the remaining convictions. Acting pro se, petitioner appealed his convictions and sentences, but later voluntarily withdrew his appeal in 1995. *See Johnson v. State*, 962 A.2d 917 (Table), 2008 WL 5191835 (Del. Dec. 11, 2008).

In April 2008, petitioner filed a motion for correction of an illegal sentence pursuant to Delaware Superior Court Criminal Rule 35(a). The Superior Court denied the motion on May 21, 2008, and the Delaware Supreme Court affirmed the Superior Court's decision in December 2008. *Id.*

Petitioner's pending § 2254 application, dated February 15, 2009, asserts the

following three claims: (1) the Delaware Superior Court illegally sentenced petitioner to only one life sentence as an habitual offender, instead of the two life sentences for which he was eligible, and double jeopardy prevents his re-sentencing to more than eight years for each burglary conviction; (2) petitioner's life sentence as an habitual offender is unconstitutional because the issue of his "incorrigibility" was not submitted to a jury and proven beyond a reasonable doubt; and (3) Delaware's habitual offender statute is unconstitutional. (D.I. 2) The State filed an answer, asserting that the application should be denied as time-barred and, alternatively, as meritless. (D.I. 22) Petitioner filed two responses. (D.I. 26; D.I. 33) The application is ready for review.

## III. ONE YEAR STATUTE OF LIMITATIONS[1]

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law by the President on April 23, 1996, and it prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners. 28 U.S.C. § 2244(d)(1). The one-year limitations period begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[1]The court's conclusion that the instant application is time-barred obviates the need to discuss the State's alternative reason for denying the application.

2

28 U.S.C. § 2244(d)(1).

Petitioner's § 2254 application, dated February 2009, is subject to the one-year limitations period contained in § 2244(d)(1). See Lindh v. Murphy, 521 U.S. 320, 336 (1997). Petitioner does not allege, and the court does not discern, any facts triggering the application of § 2244(d)(1)(B), (C), or (D). Thus, the one-year period of limitations in this case began to run when petitioner's conviction became final under § 2244(d)(1)(A).[2]

Pursuant to § 2244(d)(1)(A), if a state prisoner appeals a state court judgment but does not seek certiorari review, the judgment of conviction becomes final ninety days after the state appellate court's decision. See Kapral v. United States, 166 F.3d 565, 575, 578 (3d Cir. 1999); Jones v. Morton, 195 F.3d 153, 158 (3d Cir. 1999). However, state prisoners whose convictions became final prior to AEDPA's effective date of April 24, 1996 have a one-year grace period for timely filing their habeas

---

[2]Petitioner attempts to trigger a later starting date for AEDPA's one-year limitations period under § 2244(d)(1)(C) by asserting that the United States Supreme Court's decisions in Apprendi v. New Jersey, 530 U.S. 466 (2000), Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 543 U.S. 220 (2005) provide him with newly recognized constitutional rights applicable to his case. This argument, however, is unavailing, because the Supreme Court has not made the holdings of these cases retroactively applicable on collateral review. See Reinhold v. Rozum, - F.3d - , 2010 WL 1462371, at *5 n.4 (3d Cir. Apr. 14, 2010)(explaining why "it stands to reason" that Blakely does not apply retroactively); Lloyd v. United States, 407 F.3d 608, 615-16 (3d Cir. 2005)(discussing the non-retroactivity of Booker); United States v. Jenkins, 333 F.3d 151 (3d Cir. 2003)(discussing the non-retroactivity of Apprendi). Moreover, even if these cases did apply retroactively, the instant application would be untimely because petitioner filed it more than one year after the latest date asserted by him as applying to his case: January 12, 2005, the date of the Booker decision.

applications, thereby extending the filing period through April 23, 1997.[3] See McAleese v. Brennan, 483 F.3d 206, 213 (3d Cir. 2007); Douglas v. Horn, 359 F.3d 257, 261 (3d Cir. 2004).

Petitioner did not file the instant application until February 15, 2009,[4] more than a decade after the expiration of AEDPA's limitations period.[5] Thus, the instant habeas application is time-barred and should be dismissed, unless the time period can be statutorily or equitably tolled. See Jones, 195 F.3d at 158. The court will discuss each doctrine in turn.

---

[3] Many federal circuit courts have held that the one-year grace period for petitioners whose convictions became final prior to the enactment of AEDPA ends on April 24, 1997, not April 23, 1997. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001)(collecting cases). Although the Third Circuit has noted that "[a]rguably we should have used April 24, 1997, rather than April 23, 1997, as the cut-off date," Douglas, 359 F.3d at 261 n.5 (citing Fed. R. Civ. P. 6(d)), it appears that April 23, 1997 is still the relevant cut-off date in this circuit. In the present situation, however, petitioner filed his petition well-past either cut-off date, rendering the one-day difference immaterial.

[4] Pursuant to the prison mailbox rule, a pro se prisoner's habeas application is deemed filed on the date he delivers it to prison officials for mailing to the district court, not on the date the application is filed in the court. See Longenette v. Krusing, 322 F.3d 758, 761 (3d Cir. 2003); Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998); Woods v. Kearney, 215 F. Supp. 2d 458, 460 (D. Del. 2002)(date on petition is presumptive date of mailing and, thus, of filing). Applying this rule to the instant case, the court adopts February 15, 2009 as the date of filing because that is the date on petitioner's application.

[5] As previously mentioned, petitioner contends that the limitations period should not be viewed as starting until the dates on which the United States Supreme Court decided Booker, Blakely, and Apprendi. Even if true, however, applying these cases retroactively would not render the instant application timely filed. Petitioner filed the application in February 2009, much more than one year after the Booker decision (the most recent of the three cases) was issued on January 12, 2005.

4

### A. Statutory tolling

Pursuant to § 2244(d)(2), a properly filed state post-conviction motion tolls AEDPA's limitations period during the time the action is pending in the state courts, including any post-conviction appeals, provided that the motion was filed and pending before the expiration of AEDPA's limitations period. See Swartz v. Meyers, 204 F.3d 417, 424-25 (3d Cir. 2000); Price v. Taylor, 2002 WL 31107363, at *2 (D. Del. Sept. 23, 2002). In this case, petitioner filed a Rule 35(a) motion for correction of sentence in April 2008, approximately eleven years after the expiration of AEDPA's limitations period. Therefore, his Rule 35(a) motion has no statutory tolling effect.[6]

### B. Equitable tolling

The court may also toll AEDPA's limitations period for equitable reasons if petitioner's case is "the rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice." Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999). The Third Circuit has identified three situations in which equitable tolling may be warranted:

(1) where the defendant actively misled the plaintiff;
(2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or
(3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

Jones, 195 F.3d at 159; Miller v. New Jersey State Dept. of Corr., 145 F.3d 616 (3d Cir. 1998). However, equitable tolling will only be available if petitioner demonstrates

---

[6] Additionally, the Rule 35(a) motion would not have any statutory tolling effect even if the court were to accept petitioner's argument that AEDPA's limitations period did not begin to run until Booker was decided on January 12, 2005. In this scenario, AEDPA's limitations period would have expired on January 12, 2006, and the Rule 35(a) motion was filed more than two years later, in April 2008.

that he "exercised reasonable diligence in investigating and bringing [the] claims" and that he was prevented from asserting his rights in some extraordinary way; mere excusable neglect is insufficient. *Miller*, 145 F.3d at 618-19; *Schlueter v. Varner*, 384 F.3d 69, 77 (3d Cir. 2004).

Petitioner does not assert, and the court cannot discern, that any extraordinary circumstances prevented him from filing the instant application in a timely fashion.[7] To the extent petitioner contends that the limitations period should be equitably tolled in order to prevent a "miscarriage of justice," the argument is unavailing. Petitioner merely re-asserts the substantive argument contained in his application that Delaware's habitual offender statute is unconstitutional. This argument, however, does not trigger equitable tolling because it fails to explain why petitioner waited more than fourteen years after his sentencing, and two years after *Booker,* to file his Rule 35 motion for correction of sentence in the Delaware Superior Court. *See LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005) (AEDPA's requirement that a petitioner diligently pursue his claims "does not pertain solely to the filing of the federal habeas petition, rather, it is an obligation that exists during the period [the prisoner] is exhausting state remedies as well.")

---

[7]The court notes that petitioner asserts two explicit arguments for equitably tolling the limitations period: (1) he filed the instant application within one year of the Delaware Supreme Court's decision regarding his Rule 35(a) motion; and (2) the Supreme Court has issued separate retroactive precedents triggering a later starting date for AEDPA's one-year filing period. (D.I.13, at p.7) Although petitioner labels these assertions as equitable tolling arguments, they actually constitute arguments for statutory tolling and/or for triggering a later limitations starting date. The court has already concluded that both of these contentions lack merit. Therefore, the court will not address them again as revamped equitable tolling arguments.

And finally, to the extent petitioner made a mistake or miscalculation regarding the one-year filing period, that mistake does not warrant equitably tolling the limitations period. See Simpson v. Snyder, 2002 WL 1000094, at *3 (D. Del. May 14, 2002). Accordingly, the court will dismiss petitioner's habeas application as untimely.

## IV. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 application, the court must also decide whether to issue a certificate of appealability. See 3d Cir. L.A.R. 22.2 (2008). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

If a federal court denies a habeas application on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the application states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack, 529 U.S. at 484.

The court has concluded that petitioner's application for a writ of habeas corpus

7

pursuant to 28 U.S.C. § 2254 is time-barred. Reasonable jurists would not find this conclusion to be debatable. Consequently, the court declines to issue a certificate of appealability.

## V. CONCLUSION

For the reasons stated, petitioner's application for habeas relief filed pursuant to 28 U.S.C. § 2254 is denied. An appropriate order shall issue.